# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TOMMY E. GRAVES, | : | |
| Plaintiff, | : | Case No. 3:10cv00389 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| ALLIED AUTOMOTIVE GROUP, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Tommy E. Graves, a resident of the State of Alabama, began this case by filing a pro se Complaint in the Montgomery County, Ohio Court of Common Pleas.  His Complaint naming as defendants his former employer, Allied Automotive Group; the Administrator of the Ohio Bureau of Workers Compensation; AIG Claims Services, Inc., Worker's Compensation Claims Division; and Central States Southeast and Southwest Areas Health and Welfare Fund (Central States).  (Doc. #1 at 9-10; Doc. #7).  Plaintiff alleged that Allied Automotive Group employed him from February 3, 2003 to June 4, 2008.  Plaintiff stated that Allied Automotive Group "is self-insured with AIG Work's [sic] Compensation Claim Division."  (Doc. #1 at 10).  Plaintiff continued (without adding corrections), "3. Plaintiff-Appellant, I Tommy E. Graves have medical records and witness's to verify the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

severely damage seat it is written as a note.  4.  Defendant-Appellant, Allied Automotive Group presented one of the two bogus seats as well as the other information to cover their true existence."  (Doc. #1 at 10).  The Complaint contains no further allegation, claim, or comment.

Perceiving a claim under the Employee Retirement Income Security Act of 1973 (ERISA), Central States removed the case to this Court asserting the existence of subject matter jurisdiction based on the presence of a federal question and upon ERISA preemption.

Plaintiff did not challenge the removal.  On December 6, 2010, Plaintiff filed a Motion for Extension of Time.  He stated, "To plead for time; 1) need of amend 2) need of a pro bone [sic] application aren't excepted [sic] until 2 months and time for me as a Pro Se to understand the guide of representing myself."  (Doc. #5).

On December 22, 2010, Central States and Plaintiff Filed a Stipulation of Dismissal, thus effectively dismissing Central States from this litigation with prejudice.  (Doc. #8).

On December 30, 2010, the Court informed Plaintiff that he had filed neither a waiver of service nor proof of service upon the remaining defendants named in his Complaint – Allied Automotive Group, Ohio Bureau of Workers' Compensation, or AIG Claims Services, Inc.  (Doc. #9).  The Court reminded Plaintiff that Fed. R. Civ. P. 4(m) required the Court to dismiss an action in which service is not made within 120 days of the filing of his Complaint.  The Court further informed Plaintiff that his time for filing proof of service or waiver of service would expire on February 15, 2011.  And the Court notified Plaintiff that unless he filed proof of service by that date, the Court would dismiss Allied Automotive

Group, Ohio Bureau of Workers' Compensation, and AIG Claims Services, Inc. from this case for lack of service of process

Plaintiff has not filed a waiver of service by any remaining Defendant and has not filed proof of service.  Instead, on February 14, 2011, Plaintiff filed a document explaining that he had discovered that Allied Automotive Group Terminal "closed down in Moraine, OH, on December 2001 and the company named changed to ASH..." or Allied Systems Holdings.  (Doc. #10 at 37).  He alleges, in part, "Defendant-ASH/AAG, Employer, committed unlawful practice against employee whereby interfering with Rights; medical health, well being, job injury workers compensation[,] wrongful suspension and termination from employment."  *Id*.  In addition, Plaintiff attached a new Complaint naming as defendants Allied Systems Holdings, Kettering Medical Center – Sycamore, and Butkovich + Croshwaite Co., L.P.A.  His new complaint raises a number of new allegations concerning, in part, injuries he suffered while working for Allied Automotive Group.  His Complaint also indicates that he has brought a prior case against Allied Automotive Group and a prior case against AAG/ASH.  (Doc. #43).

Dismissal of the present case is warranted because Plaintiff has not effected service of a summons or the Complaint upon the remaining defendants named in his original Complaint or upon any defendant named in his new Complaint. Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect service of summons and complaint "within 120 days after the filing of the complaint...."  If timely service is not effected, Rule 4(m) requires the Court – "upon motion or on its own initiative after notice to the plaintiff..."

3

– to dismiss the action without prejudice as to any defendant not timely served. In addition, District Courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Plaintiff did not effect timely service on or before February 15, 2011 even though he was given prior notice that his failure to effect timely service may warrant dismissal of his Complaint. (Doc. #9). The record lacks any explanation by Plaintiff for his failure to effect timely service of summons and his Complaint. Under these circumstances Rule 4(m) mandates dismissal of Plaintiff's Complaint and new Complaint without prejudice. *See* Fed. R. Civ. P. 4(m); *see also Link*, 370 U.S. at 630-31.

In addition, assuming removal of this case from state court was warranted under 28 U.S.C. §1441 due to the presence of a claim under ERISA, Plaintiff has stipulated to the dismissal of his only potential federal claim, leaving his workers' compensation and other state-law claims against non-federal (and non-served) defendants. As a result, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and dismiss them without prejudice to renewal in state court. *See* 28 U.S.C. §1367(c)(3); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." (citation omitted)).

4

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's claims against the remaining named defendants be DISMISSED without prejudice to renewal in state court;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


February 24, 2011                                                        s/Sharon L. Ovington
                                                                                    Sharon L. Ovington
                                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).